[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10056
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00106-CV-1

PAMELA ALBRIGHT,

Plaintiff- Appellant,

versus

COLUMBIA COUNTY BOARD OF EDUCATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 16, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Pamela Albright, a former school bus driver, appeals the summary judgment

entered in favor of her former employer, Columbia County Board of Education, on her claim of disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101 et seq. Albright argues that the district court erred when it found that (1) she did not establish that she was terminated because of her disability and (2) she could perform her job without a reasonable accommodation. Because Albright failed to establish that she is disabled under the ADA, we affirm.

## I. STANDARD OF REVIEW

We review a grant of summary judgment de novo. See Evanston Ins. Co. v. Stonewall Surplus Lines Ins. Co., 111 F.3d 852, 858 (11th Cir. 1997). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56 mandates the entry of summary judgment, . . . upon motion, against a party who fails to make a showing sufficient" to establish an element essential to his case on which he bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

2

## II. DISCUSSION

Albright contends that the Board discriminated against her because of her disability when it terminated her and when it failed to accommodate her disability. To establish a prima facie case of discrimination under the ADA, an employee must show that she (1) has a disability; (2) is qualified, with or without reasonable accommodations; and (3) was unlawfully discriminated against because of her disability. See Rossbach v. City of Miami, 371 F.3d 1354, 1356-57 (11th Cir. 2004) (citing 42 U.S.C. § 12112(a)).

As to her termination claim, the district court found that Albright did not establish a prima facie case. The court concluded that Albright was disabled under the ADA, and was qualified for the position, but also concluded that she did not establish that she was discriminated because of her disability. As to the failure to accommodate claim, the district court found that Albright could perform her job without a reasonable accommodation. Although we agree that Albright's claims fail as a matter of law, we affirm for a different reason. See Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n.3 (11th Cir. 2002).

Albright did not establish a prima facie case because she did not establish that she is disabled under the ADA. The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major

3

life activities of an individual; (B) a record of such impairment; or, (C) being regarded as having such impairment." 42 U.S.C. § 12102(2). The term "substantially limits" means "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §§ 1630.2(j)(1)(i), (ii). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i ). With respect to the major life activity of working, "substantially limits" means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities," and "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i).

The district court correctly found that Albright did not meet the first definition of disability because her condition did not substantially limit a major life activity. The court, however, erroneously found that Albright had a record of

4

impairment because "the School Board was well aware that Plaintiff suffered from panic attacks because she had been placed on short-term disability throughout the prior school year for this reason." The law is clear that "the record-of-impairment standard is satisfied only if she actually suffered a[n] . . . impairment that substantially limited one or more of her major life activities." Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1229 (11th Cir. 1999); see also Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 645 (2d Cir. 1998); Davidson v. Midelfort Clinic, Ltd., 133 F.3d 499, 510 n.7 (7th Cir. 1998); Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1120-21 (5th Cir. 1998). The district court found that Albright did not suffer an impairment that substantially limited a major life activity. A determination that she had a record of impairment was foreclosed by the earlier conclusion.

Because Albright is not disabled, her claim of discrimination in her termination fails. In addition, Albright failed to present any evidence that she was fired because of her disability. The district court correctly entered summary judgment against Albrights's termination claim.

Because we conclude that Albright is not disabled within the meaning of the ADA, the Board also was not required to accommodate her. Moreover, the record clearly shows that Albright did not require an accommodation to perform her job.

5

It is undisputed that Albright performed her bus driving duties without an accommodation, and Albright conceded that she drove her regular bus route without any incident related to her alleged disability.

### III. CONCLUSION

Albright did not establish that she was disabled under the ADA. We affirm the summary judgment for the Board.

**AFFIRMED**.